CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **DENNIS B. LINDSEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00318 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SGT. D. SLATE, WEXCARE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Dennis B. Lindsey, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to racial slurs and did not receive treatment for Hepatitis C.  After review of the Complaint, I conclude that the action must be summarily dismissed.

Lindsey's claims concern events that occurred while he was incarcerated at the Western Virginia Regional Jail (WVRJ) in Salem, Virginia.  As defendants, he names Sgt. D. Slate and Wexcare[1] med tec/doctors.  Lindsey seeks monetary

---

[1] Although Lindsey names "Wexcare" as a defendant, the court assumes he is referring to Wexford Health Sources ("Wexford"), a company that provides health care to correctional facilities.

damages and to be transferred to a Virginia Department of Corrections (VDOC) facility.[2]

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Lindsey first alleges that on December 23, 2024, he stole a blood pressure cuff from the jail's medical unit.  Since then, defendant Slate has "made fun" of Lindsey, calling him "Chief Thief – Chief Wigamwam and Two feathers because of Indian heritage and tattoos on [his] head."  Compl. 5, Dkt. No. 1.  However, these allegations, without more, simply do not rise to the level of a violation of a constitutional right under Section 1983.  While the court does not condone prison officials using racial slurs such as this, "[m]ere threats or verbal abuse by prison

---

[2] According to online records, it appears that Lindsey has since been transferred to Bland Correctional Center in Bland, Virginia.  Therefore, his request to be transferred is moot.

officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (stating that verbal harassment and name-calling by prison officials do not constitute actionable constitutional violations).   Consequently, Lindsey's claims against defendant Slate must be dismissed.

Lindsey next alleges that he has Hepatitis C and has put in numerous requests for medical evaluation and intervention for this condition.  He "feel[s] this facility does not want to treat [him] for [his] medical needs because [he] stole the blood pressure cuff."  Compl. 6, Dkt. No. 1.  When he tried to file grievances about this issue, he claims staff returned his grievances saying the issue is not grievable.  Lindsey desires "medical help," claiming that "he no longer feel[s] safe at this facility." *Id.*

To the extent Lindsey has sued Wexford, a private company, Lindsey has failed to allege facts showing a constitutional violation.  Only deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment."[3]  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

---

[3] Lindsey does not indicate whether his problems with medical care at the jail occurred while he was a pretrial detainee or after he had been convicted and sentenced.  In any event, "[t]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials may not be

To prove deliberate indifference, Lindsey must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review."). When the defendant named is a corporate entity, rather than an individual, that defendant can only be liable under § 1983 if "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003). Ultimately, the inmate must prove that "an unconstitutional municipal policy" deprived him of adequate medical care. *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999).

Here, Lindsey offers nothing more than conclusory assertions about lack of medical care. He states that he feels that the facility does not want to treat him because he stole the blood pressure cuff — a speculative claim based on an isolated

---

deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

occurrence. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (explaining that to be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level"). Because he fails to point to any company policy or custom implemented and followed by Wexford that has deprived him of care, his allegations against the company do not set forth a sufficient § 1983 claim.

To the extent that Lindsey has sued Wexford medical employees, he has not identified any specific individual personally involved in a violation of his constitutional rights. Because liability under § 1983 is "personal, based upon each defendant's own constitutional violations," Lindsey's claims against Wexford medical employees, likewise, cannot survive. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Finally, to the extent that Lindsey sues WVRJ, this entity is not a person subject to being sued under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks and citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

Accordingly, I will dismiss this civil action without prejudice, pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

A separate Judgment will be entered herewith.

ENTER:   April 16, 2026

/s/  JAMES P. JONES
Senior United States District Judge